
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>TATIANA ZAGOROVSKAYA,<br><br>Defendant - Appellant. | No. 14-50464<br><br>D.C. No. 2:13-cr-00583-PA-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Before: REINHARDT, LUCERO[**], and NGUYEN, Circuit Judges.

Tatiana Zagorovskaya appeals her conviction for violation of 41 C.F.R. §

102-74.390(a), which prohibits all persons who "enter[] in or on [f]ederal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

property" from exhibiting "conduct" that creates a nuisance. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Viewing the evidence in the light most favorable to the government, as we must, *see United States v. Nevils*, 598 F.3d 1158, 1163-65 (9th Cir. 2010) (en banc), the evidence was sufficient to sustain Zagorovskaya's conviction. Based on the witness testimony and photographic evidence in the record, a rational trier of fact could have concluded that GSA-controlled property included the lobby outside the immigration courtrooms. In any event, Zagorovskaya's criminal conduct occurred on both sides of the GSA security checkpoint.

2. Likewise, there was sufficient evidence to find that Zagorvoskaya "knowingly" engaged in the conduct proscribed by 41 C.F.R. § 102-74.390(a). *See United States v. Brice*, 926 F.2d 925, 929-30 (9th Cir. 1991). Multiple witnesses testified that they heard Zagorovskaya threaten to kill Officer Valadez in English, and that Zagorovskaya threw a hair clip at Officer Valadez during the security screening process. To the extent Zagorovskaya argues that she cannot be convicted because she did not know that throwing her hair clip or threatening to kill a security officer actually constituted a "nuisance" prohibited by regulation, she is wrong. *See, e.g., Elonis v. United States*, 135 S. Ct. 2001, 2009 (2015) ("The familiar maxim 'ignorance of the law is no excuse' typically holds true.

Instead, our cases have explained that a defendant generally must 'know the facts that make his conduct fit the definition of the offense,' . . . even if he does not know that those facts give rise to a crime.") (quoting *Staples v. United States*, 511 U.S. 600, 608 n.3 (1994)).

3. Because Zagorovskaya's conduct unambiguously falls within the prohibition against creating a nuisance on federal property, her vagueness challenge fails. *See, e.g., United States v. Szabo*, 760 F.3d 997, 1003 (9th Cir. 2014) ("We consider whether a statute is vague as applied to the particular facts at issue, for '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'") (citation omitted); *United States v. Agront*, 773 F.3d 192, 197-99 (9th Cir. 2014).

4. The nuisance prohibition in 41 C.F.R. § 102-74.390(a), which applies only to persons "entering in or on [f]ederal property," is not overbroad in violation of the First Amendment. Indeed, "[r]arely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)." *Virginia v. Hicks*, 553 U.S. 113, 124 (2003); *see also, e.g., Brice*, 926 F.2d at 931 (rejecting comparable overbreadth challenge to predecessor regulation because the impact on speech was incidental). In addition, "the First Amendment does not

immunize 'true threats.'" *United States v. Bagdasarian*, 652 F.3d 1113, 1116 (9th Cir. 2011) (citing *Watts v. United States*, 394 U.S. 705, 708 (1969)). Here, the evidence establishes that "a reasonable person who heard [Zagorovskaya's] statement[s] would have interpreted [them] as a threat" and that Zagorovskaya subjectively intended her speech as threats. *See Bagdasarian*, 652 F.3d at 1119-24; *see also United States v. Stewart*, 420 F.3d 1007, 1018 n.9 (9th Cir. 2005) (citing *Virginia v. Black*, 538 U.S. 343, 360 (2003)).

5. Finally, the trial court did not abuse its discretion by admitting Officer Valadez's testimony that her security firm was employed by GSA. *See United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Officer Valadez worked as a security guard on seventeenth floor of the building for about eight years, and she was familiar with the specific GSA regulations that covered the area near the immigration courtrooms. *See* Fed. R. Evid. 602 (evidence to support a finding that a witness has personal knowledge of a matter "may consist of the witness's own testimony").

**AFFIRMED.**